```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
 KEVIN SMITH,

                      Petitioner,           MEMORANDUM & ORDER
                                              20-CV-2598(EK)
            -against-

 WARDEN MICHELLE HALETT,

                      Respondent.
-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

  Petitioner Kevin Smith, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the petition is denied as moot.[1]

### I. Background

  Smith was convicted in New York state court of one count of second-degree murder in November 2016 and sentenced to an indeterminate prison term of twenty-five years to life. Aff. & Mem. in Opp'n to Pet. ("Resp't Opp'n") 3, ECF No. 7. He filed a timely *pro se* notice of appeal of his conviction in September 2017 and was assigned appellate counsel. *Id.*

---

[1] For this reason, the Court does not consider whether the petition was properly brought under Section 2241, and not another provision of the Antiterrorism and Effective Death Penalty Act of 1996.

Before perfecting that direct appeal, in June 2020, Smith sought habeas relief in this Court. *See* ECF No. 1. The petition challenges his conditions of confinement at Rikers Island, where he contracted COVID-19, arguing that he should instead be incarcerated at a state or federal prison. Am. Pet. for Writ of Habeas Corpus ("Am. Pet.") 1, 6, ECF No. 4. In much greater detail, Smith also asserts that he was "actual[ly] innocent" of the murder; he claims that he was unconstitutionally convicted, among other reasons, despite a lack of physical evidence and based on perjured testimony. *Id.* at 2, 6-7. As relief, Smith asks that this Court release him from prison and "dismiss [the] indictment with prejudice." *Id.* at 7.[2] Respondent opposed the petition on several grounds, including for Smith's failure to exhaust his state court remedies. *See* Resp't Opp'n 8-12.

Two significant — and ultimately dispositive — developments have occurred since then. First, shortly after filing his petition, Smith was transferred from Rikers Island to a New York State correctional facility. And second, on March 1, 2023, the Appellate Division, Second Department, reversed Smith's conviction and remitted the case for a new trial. *See*

---

[2] In his petition, Smith states that he did not present these challenges in all available state appeals because his court-appointed counsel "never filed [his] direct appeal." *Id.* at 7.

2

*People v. Smith*, 184 N.Y.S.3d 175 (App. Div. 2d Dep't 2023), *leave to appeal denied*, 39 N.Y.3d 1157 (2023). Smith's case is now pending in New York State Supreme Court, with the next court date scheduled for September 6, 2023. *See* ECF No. 17.

## II. Discussion

A habeas proceeding, like any other federal action, must satisfy the Constitution's "case-or-controversy requirement." *Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 319 (2d Cir. 2020). A party must therefore, "at each stage of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *Id.* "If, as a result of changed circumstances, a case that presented an actual redressable injury at the time it was filed ceases to involve such an injury," it "must be dismissed for mootness." *Id.*; *see also Cty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) ("[C]ourts' subject matter jurisdiction ceases when an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party."). Because mootness questions implicate a federal court's subject matter jurisdiction, the Court must raise and examine them *sua sponte*. *See, e.g., Jones v. Cuomo*, 542 F. Supp. 3d 207, 214 (S.D.N.Y. 2021).

The grounds upon which Smith seeks habeas relief are now moot. First, a "challenge to conditions of confinement will be considered moot where the petitioner has been transferred to a different facility." *Razzoli v. Strada*, No. 10-CV-4802, 2013 WL 837277, at *2 (E.D.N.Y. Mar. 6, 2013); *see Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (affirming dismissal of habeas challenge to conditions of confinement where petitioner had "since been transferred" to a different facility). In his petition, Smith challenges the conditions of his confinement at Rikers Island, asserting that he was "only suppose[d] to go to state prison" or to be "held in federal prison." Am. Pet. 6. Because Smith has since been transferred to a state correctional facility,[3] this claim is moot. *Thompson*, 525 F.3d at 209; *Cohen v. Jamison*, No. 23-CV-1304, 2023 WL 3511124, at *2 (S.D.N.Y. Apr. 10, 2023) (habeas claim moot because petitioner no longer incarcerated at facility "where the allegedly unconstitutional events occurred").

---

[3] Online records maintained by the New York State Department of Corrections and Community Supervision ("NYDOCCS") indicate that Smith was transferred to the Downstate Correctional Facility on August 25, 2020. Ex. 3, Resp't Opp'n. The Court may take judicial notice of this NYDOCCS inmate lookup information. *See, e.g.*, *Williams v. Novoa*, No. 19-CV-11545, 2022 WL 161479, at *1 n.5 (S.D.N.Y. Jan. 18, 2022) (collecting cases). Perhaps more to the point, Smith himself filed a change-of-address notice with the Court in September 2020 reflecting the Downstate facility address. *See* ECF No. 9. He filed another change-of-address notice a few weeks later, reflecting a transfer to the Auburn Correctional Facility. ECF No. 11.

4

Second, Smith challenges the validity of his state conviction — first and foremost, on the grounds that he is actually innocent. Because the Appellate Division has since vacated the conviction from which he sought relief, there is no remaining relief that this Court can provide in response to this petition. His habeas claims predicated on that conviction are therefore moot as well. *See, e.g.*, *Fisher v. Superintendent*, No. 12-CV-6703, 2014 WL 128015, at *7 (S.D.N.Y. Jan. 14, 2014) ("The Appellate Division's order vacating [petitioner's] first plea and reversing the judgment of conviction rendered a *habeas* petition as to that conviction moot."); *Sivri v. Strange*, 338 F. Supp. 2d 357, 360 (D. Conn. 2004) (finding insufficient evidence claim moot because petitioner's "conviction at his first trial has already been overturned"); *Moloi v. Riley*, 762 F. Supp. 36, 39 (E.D.N.Y. 1991) (finding habeas claim moot because appellate court had already vacated the conviction on which the claim was based).

### III. Conclusion

For the reasons set forth above, the petition for a writ of habeas corpus is denied as moot. Because Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue. *See* 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith

5

and *in forma pauperis* status is therefore denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

       The Clerk of the Court is respectfully directed to mail a copy of this Order to the *pro se* Petitioner.

       SO ORDERED.

                                           /s/ Eric Komitee
                                          ERIC KOMITEE
                                          United States District Judge

Dated:    August 10, 2023
            Brooklyn, New York